IN THE U. S. DISTRICT COURT
DISTRICT OF KANSAS

STABIL-LOC HOLDINGS, LLC,          )
an Arkansas limited liability company,   )
and STABIL-LOC, INC.,               )
an Arkansas corporation,            )
                                    )
                Plaintiffs,         )          Case No. 2:15-cv-2583
                                    )
       v.                           )
                                    )
MARK WHITE CONSTRUCTION LLC,        )
a Kansas limited liability company,   )
                                    )
                Defendant.          )
_____)

## COMPLAINT

Plaintiffs Stabil-Loc Holdings, LLC and Stabil-Loc, Inc., for their complaint against

Defendant Mark White Construction, LLC, state and allege as follows:

## THE PARTIES

1.      Plaintiff Stabil-Loc Holdings, LLC is an Arkansas limited liability

company having a principal place of business at 1106 West Poplar, Rogers, Arkansas 72756.

2.      Plaintiff Stabil-Loc, Inc. is an Arkansas corporation having a principal

place of business at 444 Old Wire Road, Suite G, Springdale, Arkansas 72764.

3.      Plaintiff Stabil-Loc, Inc. is registered to do business in Kansas.

4.      Defendant Mark White Construction LLC is a Kansas limited liability

company having a principal place of business at 1033 North Parker Terrace, Olathe, Kansas,

66061.

## JURISDICTION AND VENUE

5.      This is a patent infringement action brought under the patent laws of the United States, 35 U.S.C. Section 1 et seq.

6.      Plaintiffs seek damages for patent infringement and an injunction preventing Defendants from making, using, selling, offering to sell, importing, or inducing others to use Plaintiff Stabil-Loc Holdings patented technology without its permission.

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) for the patent infringement claims.

8.      This Court has personal jurisdiction over Mark White Construction because it is a Kansas limited liability company.

9.      Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims asserted herein occurred in this District, and Defendant has committed acts of infringement in this District.

## BACKGROUND

10.      On September 2, 2014, U. S. Patent No. 8,821,073 ("the '073 Patent"), entitled "Concentrically Loaded, Adjustable Piering System," issued to Steve Patton.  Exhibit A.

11.      On October 7, 2014, U. S. Patent No. 8,851,800 ("the '800 Patent"), entitled "Concentrically Loaded, Adjustable Piering System," issued to Steve Patton.  Exhibit B.

12.      All right, title and interest, including the right to sue for past infringement and damages was assigned by Mr. Patton to Stabil-Loc Holdings.

13.      Stabil-Loc Holdings owns all right, title and interest to the '073 and '800 Patents, including the right to sue for past, present and future infringements.

14.      The '073 Patent is valid and enforceable.

15.     The '800 Patent is valid and enforceable.

16.     Stabil-Loc, Inc. is the exclusive licensee of the '073 and '800 Patents.

## COUNT I:  INFRINGMENT OF THE '073 PATENT

17.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

18.     Defendant has committed and are continuing to commit direct acts of infringement of the '073 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing piering systems that infringe one or more claims of the '073 Patent, without license or authority from Plaintiffs.

19.     Plaintiffs have been damaged as a direct result of the infringement of the '073 Patent.  Plaintiffs will continue to be damaged unless further infringement is enjoined.

20.     Plaintiffs are entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate Plaintiffs for Defendant's infringement of the '073 Patent.

21.     Plaintiffs are entitled to in no event less than a reasonable royalty for the infringement and use made of the invention of the '073 Patent by Defendant, all together with interest and costs.

22.     On information and belief, Defendant has continued to infringe the '073 Patent after being put on notice by Plaintiff.

23.     Defendant's past and continuing infringement of the '073 Patent has been and continues to be deliberate and willful.

24.     Defendant's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

25.     Moreover, this is an exceptional case that entitles Plaintiffs to an award of reasonable attorney fees under 35 U.S.C. § 285.

## COUNT II:  INFRINGMENT OF THE '800 PATENT

26.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

27.     Defendant has committed and are continuing to commit direct acts of infringement of the '800 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing piering systems that infringe one or more claims of the '800 Patent, without license or authority from Plaintiffs.

28.     Plaintiffs have been damaged as a direct result of the infringement of the '800 Patent.  Plaintiffs will continue to be damaged unless further infringement is enjoined.

29.     Plaintiffs are entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate Plaintiffs for Defendant's infringement of the '800 Patent.

30.     Plaintiffs are entitled to in no event less than a reasonable royalty for the infringement and use made of the invention of the '800 Patent by Defendant, all together with interest and costs.

31.     On information and belief, Defendant has continued to infringe the '800 Patent after being put on notice by Plaintiff.

32.     Defendant's past and continuing infringement of the '800 Patent has been and continues to be deliberate and willful.

33.     Defendant's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

34.     Moreover, this is an exceptional case that entitles Plaintiffs to an award of reasonable attorney fees under 35 U.S.C. § 285.

## COUNT III:  INDUCING INFRINGMENT OF THE '073 PATENT

35.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

36.     On information and belief, Defendant has induced infringement of the '073 Patent under 35 U.S.C. § 271(c) by selling or offering to sell piers to third party contractors for installation knowing that the pier is patented by Plaintiff Stabil-Loc Holdings and for use in its patented piering system.

37.     On information and belief, Defendants know that the piers it sells are not a staple article or commodity of commerce suitable for substantial noninfringing use.

38.     Defendant's activities have been without express or implied license from Plaintiffs.

39.     Defendant's actions in inducing the infringement of '073 Patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of the rights of Plaintiffs, making this an exceptional case within the meaning of 35 U.S.C. § 285.

40.     As a result of the induced infringement of the '073 Patent, Plaintiffs have been damaged, will be further damaged, and entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

41.     Defendant's infringing activities have caused, and will continue to cause, Plaintiffs irreparable harm for which there is no adequate remedy at law.

## COUNT IV:  INDUCING INFRINGMENT OF THE '800 PATENT

42.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

43.     On information and belief, Defendant has induced infringement of the '800 Patent under 35 U.S.C. § 271(c) by selling or offering to sell piers to third party contractors for installation knowing that the pier is patented by Plaintiff Stabil-Loc Holdings and for use in its patented piering system.

44.     On information and belief, Defendants know that the piers each sells is not a staple article or commodity of commerce suitable for substantial noninfringing use.

45.     Defendant's activities have been without express or implied license from Plaintiffs.

46.     Defendant's actions in inducing the infringement of '800 Patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of the rights of Plaintiffs, making this an exceptional case within the meaning of 35 U.S.C. § 285.

47.     As a result of the induced infringement of the '800 Patent, Plaintiffs have been damaged, will be further damaged, and entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

48.     Defendant's infringing activities have caused, and will continue to cause, Plaintiffs irreparable harm for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray that this Honorable Court enter:

A.      A judgment that Defendant has infringed the '073 Patent;

B.      A judgment that Defendant has infringed the '800 Patent;

C.      A judgment that Defendant has induced others to infringe the '073 patent;

D.      A judgment that Defendant has induced others to infringe the '800 patent;

E.      A judgment and order permanently restraining and enjoining Defendant, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, offering for sale, or importing any systems or products that infringe one or more claims of the '073 patent, or otherwise directly or indirectly committing further acts of infringement of that patent;

F.      A judgment and order permanently restraining and enjoining Defendant, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, offering for sale, or importing any systems or products that infringe one or more claims of the '800 patent, or otherwise directly or indirectly committing further acts of infringement of that patent;

G.      A judgment and order requiring Defendant to pay increased damages up to three times, in view of its willful and deliberate infringement;

H.      A finding in favor of Plaintiffs that this is an exceptional case under 35 U.S.C. § 285 and an award of its costs, including reasonable attorneys' fees and other expenses incurred in connection with this action;

I.      A judgment and order requiring Defendant to pay Plaintiffs pre-judgment interest under 35 U.S.C. § 284 and post-judgment interest under 28 U.S.C. § 1961 on all damages awarded;

J.      For such other and further relief as the Court may deem just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby designate Kansas City, Kansas as the place of trial of this matter.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ James J. Kernell*
James J. Kernell, #19559
Kyle D. Donnelly, #25531
ERICKSON KERNELL DERUSSEAU
& KLEYPAS, LLC
8900 State Line Road, Suite 500
Leawood, Kansas 66206
Telephone:      913-549-4700
Facsimile:      913-549-4646
Email:          jjk@kcpatentlaw.com

*Attorneys for Plaintiffs*
*Stabil-Loc Holdings, LLC and Stabil-Loc, Inc.*